UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ALLSTATE INDEMNITY INSURANCE COMPANY, *et al.*,   )<br>)<br>**Plaintiffs,**   )<br>)<br>v.   )<br>)<br>LG ELECTRONICS USA, INC., *et al.*,   )<br>)<br>**Defendants.**   ) | CIVIL ACTION NO.<br>2:21-cv-00942-KOB |

## MEMORANDUM OPINION

This matter comes before the court on its *sua sponte* Order to Show Cause. (Doc. 49). Plaintiffs originally filed this action, which concerns damage allegedly caused by the malfunctioning of a washing machine, in the Circuit Court of Jefferson County. (Doc. 1-1). Defendants removed the case based on diversity jurisdiction on July 12, 2021. (Doc. 1). Plaintiffs subsequently filed an amended complaint on November 2, 2021 that added Mr. Appliance Over the Mountain ("MAOTM") as a defendant. (Doc. 16). LG answered the amended complaint on November 26, 2021 and MAOTM answered it on February 16, 2022 without raising issues of joinder. (Docs. 17, 24). Upon recognizing that MAOTM was likely a citizen of the same state, Alabama, as one of the plaintiffs, Burt Newsome, the court ordered the parties to show cause why it should not remand the case to

1

state court for lack of subject-matter jurisdiction. Because the addition of MAOTM destroyed diversity of citizenship, the court lacks jurisdiction and will remand this case to the Circuit Court of Jefferson County.

## I.     Background

On February 2, 2020, a "sudden and uncontrolled discharge of water" from Burt Newsome's LG washing machine allegedly damaged his home. (Doc. 16 at ¶ 11). Pursuant to an insurance policy, Allstate paid Mr. Newsome's claim, less a deductible. (Doc. 16 at ¶ 18). Mr. Newsome and Allstate now seek to recover their respective costs from LG and MAOTM, a repair company that they allege serviced Mr. Newsome's washer several times in 2018 and once in January 2020.

Responding to the court's order to show cause, Defendants concede that MAOTM is a citizen of Alabama and that its "presence in this litigation destroys complete diversity among the [p]arties." (Doc. 49 at 2). But Defendants argue that the amended complaint that added MAOTM lacks effect because Plaintiffs did not comply with Federal Rule of Civil Procedure 15 before filing that amended complaint. Alternatively, defendants argue that even if the court accepts the amended complaint, it should exercise its discretion under Rule 21 to dismiss MAOTM as a dispensable party so that it can retain jurisdiction. (Doc. 49 at 2).

Plaintiffs respond that Defendants did not move to strike the amended complaint and only raise the procedural defect under Rule 15 now that the court

has raised the impact of the amended complaint on diversity jurisdiction. (Doc. 52 at 2). Plaintiffs also argue that the amended complaint was not a ploy to defeat diversity jurisdiction, as plaintiffs never moved for remand. (Doc. 52 at 2). Regarding Defendants' argument that the court should drop MAOTM under Rule 21, Plaintiffs contend that doing so would not be "fair or equitable" because it would "depriv[e] the Plaintiffs from pursuing a vial because of action" against MAOTM due to the running of the statute of limitations.

## II.   Legal Standard

### A.   Leave Requirement Under Rule 15

Rule 15 provides that, outside a 21-day window from the initial filing of a pleading or an opposing party's responsive pleading, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The court may properly disregard a filing made without obtaining leave. *Hoover v. Blue Cross & Blue Shield of Ala.*, 855 F.2d 1538, 1544 (11th Cir. 1988). Alternatively, the court may consider whether leave would have been granted if sought. As a leading treatise quoted by the court in *Hoover* observes, "Permitting an amendment without formal application to the court [where the court would have granted leave if requested] is in keeping with the overall liberal amendment policy of Rule 15(a) and the general desirability of

minimizing needless formalities." 855 F.2d at 1544 (quoting 6 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1484 (3d ed. 2022)).

  B. <u>Reconsideration of Joinder Decisions</u>

  If the court becomes aware that a party joined pursuant to a previously permitted amendment would destroy diversity jurisdiction, the court should reconsider its decision to allow the amendment that joined the non-diverse party. In *Smith v. White Consol. Industries, Inc.*, 229 F. Supp. 2d 1275, (N.D. Ala. 2002) this court cited with approval language from *Le Duc v. Bujake*, 777 F. Supp. 10, 11 (E.D. Mo. 1991) stating that where "the record indicates that the problem of the addition of the non[-]diverse defendant was not brought to the attention of the [c]ourt or recognized by the parties, the filing of the amended complaint should be considered a nullity and the [c]ourt given an opportunity to consider whether justice requires that [the plaintiff] be permitted to join [the non-diverse individual] as a defendant." *Smith*, 229 F. Supp. 2d at 1279. While this court is not aware of a case where the Eleventh Circuit has addressed this issue, other courts have followed the same course. *See, e.g., Bailey v. Bayer CropScience, L.P.*, 563 F.3d 302, 307 (8th Cir. 2009); *Dean v. Am. Honda Motor Co., Inc.*, 2018 WL 910670, No. 17-03069-CV-S-DPR, *1 (W.D. Mo. 2018); *Cooper v. Chase Park Plaza Hotel, LLC*, 2015 WL 4628914, No. 4:15-cv-443 (CEJ), *1 (E.D. Mo. 2015); *Faye v. High's of Baltimore*, 541 F. Supp. 2d 752, 756 (D. Md. 2008).

### C. Factors Governing Joinder Decision

The court reconsiders its joinder decision pursuant to 28 U.S.C. § 1447(e), which provides: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." Four factors guide the analysis under § 1447(e): (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction, (2) whether the plaintiff has been dilatory in asking for the amendment, (3) whether the plaintiff will be significantly injured if the amendment is not allowed, and (4) any other factors bearing on the equities. *Dever v. Family Dollar Stores of Ga., LLC*, 755 Fed. Appx. 866, 869 (11th Cir. 2018) (citing *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987)). *See also Lawson v. Wal-Mart Stores East, L.P.*, 2018 WL 684839, No. 2:17-cv-1885-VEH, *2-4 (N.D. Ala. 2018) (discussing appropriateness of applying the factors from *Hensgens* even though it predates § 1447).

A district court "must scrutinize more closely an amended pleading that would name a new nondiverse defendant in a removed case because justice requires that the district court also balance the defendant's interests in maintaining the federal forum." *Dever*, 755 Fed. Appx. at 869. Because of this legitimate interest in a federal forum, the parties "do not start on equal footing" with regard to the equities. *Watts v. SCI Funeral Servs., LLC*, 2020 WL 1310559, No. 2:19-cv-

01219-JHE, *7 (N.D. Ala. 2020) (quoting *Osgood v. Discount Auto Parts, LLC*, 955 F. Supp. 2d 1352, 1355 (S.D. Fla. 2013)). Instead, the court "should deny leave to amend unless strong equities support the amendment." *Watts*, 2020 WL 1310559 at *7 (quoting *Smith*, 229 F. Supp. 2d at 1281)).

> D.  Court's Discretion to Drop Parties Under Rule 21

Pursuant to Rule 21, "On motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. "It is firmly established that Rule 21 'invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time,' such as when necessary to establish federal subject-matter jurisdiction." *Payroll Mgmt., Inc. v. Lexington Ins. Co.*, 815 F.3d 1293, 1298 n.8 (11th Cir. 2016) (per curiam) (quoting *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832 (1989)). Nevertheless, the possession of authority does not imply the obligation to exercise it; the court retains discretion over whether to drop a non-diverse party to preserve federal jurisdiction. *See Fritz v. Am. Home Shield Corp.*, 751 F.2d 1152, 1155 (11th Cir. 1985) ("Although the district court had discretion under Rule 21 to dismiss the nondiverse party . . ., there is no error here in the failure of the court to drop [that party].").

Before determining whether to dismiss a party under Rule 21, the court must assess whether the party is dispensable, considering "the prejudice to all parties caused by the party's absence, the extent to which the prejudice can be lessened or

avoided, the adequacy of a judgment rendered in the party's absence, and the opportunity for the plaintiff to obtain an adequate remedy if the action is dismissed." *Fritz*, 751 F.2d at 1155.

### III. Analysis

As a threshold matter, Defendants are correct that Plaintiffs did not comply with Rule 15 because they filed their amended complaint outside the 21-day window for amendments as a matter of course without seeking leave from the court or Defendants' consent. *See* Fed. R. Civ. P. 15. But because Defendants did not move to strike the complaint, answered it without raising any objection, and did not raise the issue until approximately 10 months later when the court pointed out the jurisdictional issue, the court deems Defendants' objections waived and will treat the filing of the amended complaint as timely. *See Harel v. Rutgers, State University*, 5 F. Supp. 2d 246, 260 (D.N.J. 1998).

Defendants direct the court's attention to Eleventh Circuit precedent stating that a district court "acted properly" in treating an untimely amended pleading as a nullity. *Hoover*, 855 F.2d at 1544. But *Hoover* is not dispositive of the issue before the court because it does not hold that the district court was *obligated* to disregard the untimely pleading, only that it did not abuse its discretion in doing so. While the court does not doubt that it *could* disregard Plaintiffs' amended complaint, neither *Hoover* nor Rule 15 prohibits the court from considering it despite its

7

untimeliness. Because Defendants answered the amended complaint and did not raise the Rule 15 issue until this late juncture, the court will exercise its discretion to treat the amended complaint as valid.

A. <u>Reconsideration of Joinder</u>

Because the court here proceeds as if Plaintiffs had sought and obtained leave to amend their complaint and add MAOTM, it now reconsiders that decision, evaluating the four *Hensgens* factors that guide a decision under § 1447(e).

1. *Purpose to Defeat Federal Jurisdiction*

In general, "the fact that a plaintiff attempted to add a non-diverse defendant only after the case was removed, even though he knew or should have ascertained the identity of the defendant at an earlier time, strongly indicates that the purpose of the plaintiff's amendment is to defeat federal jurisdiction." *Smith*, 229 F. Supp. 2d at 1280 (citing *Sexton*, 51 F. Supp. 2d at 1312)). But this presumption is rebuttable; the court must consider the facts of each case.

Here, the fact that Plaintiffs never moved to remand the action strongly suggests that the addition of MAOTM in the amended complaint was not a gambit to avoid federal jurisdiction. *See Gallion v. Zoe's Restaurants, LLC*, 2021 WL 5989088, No. 2:20-cv-00535-RAH-JTA, *4 (M.D. Ala. 2021) ("it cannot be said that Gallion added Zelda for the purpose of destroying diversity jurisdiction because Gallion did not move for remand once Zelda was added"). Additionally,

plaintiffs filed the amended complaint nearly four months after Defendants removed the case, not with the sort of swiftness that would suggest a tactical countermeasure. *See* (docs. 1, 16). The court accordingly finds no design to evade federal jurisdiction here.

2.  *Whether Plaintiff Has Been Dilatory*

Perhaps the Plaintiffs here could have been more prompt in seeking to add MAOTM. More than four months elapsed from the filing of the original state-court complaint on June 9, 2021 to the filing of the amended complaint on November 2, 2021. And at least one of the plaintiffs (Mr. Newsome, the individual homeowner) was well-positioned to know the identity of MAOTM and its potential relevance to the case from the outset given that MAOTM allegedly serviced the washer multiple times at Mr. Newsome's home. (Doc. 16 at ¶ 17). A delay of four to five months, however, is relatively modest; it is, for instance, less than half the time that elapsed from Plaintiffs' filing of the amended complaint until Defendants first objected to the failure to follow Rule 15's requirement to seek leave to amend. So, the court finds that this factor does not weigh heavily against Plaintiffs.

3.  *Injury to Plaintiff if Amendment is Disallowed*

The Plaintiffs may suffer significant prejudice if the court were to disregard the amended complaint and dismiss MAOTM as a result. Plaintiffs allege two counts against MAOTM—negligence and breach of contract. (Doc. 16 at ¶¶ 38-

42). While the statute of limitations for breach of contract is six years (running from the time of the breach), *Nelson v. Megginson*, 165 So. 3d 567, 572 (Ala. 2014), negligence claims are barred after two years (running from the time the claimant was entitled to maintain an action), *Franklin v. Mitchell*, 87 So. 3d 573, 578 (Ala. Civ. App. 2011) (citing Ala. Code § 6-2-38(l) and *Koch v. State Farm Fire & Cas. Co.*, 565 So. 2d 226, 231 (Ala. 1990)). Plaintiffs allege that MAOTM last serviced the washer on January 22, 2020 and that the incident causing damage occurred on February 2, 2020. (Doc. 16 at ¶¶ 11, 17). So, if the court dismissed MAOTM, plaintiffs likely could not pursue their negligence claims against MAOTM in state court.

     The inability to pursue a claim otherwise because of the statute of limitations does not automatically require that a court grant leave to amend. *See Ingram v. CSX*, 146 F.3d 858, 863 (11th Cir. 1998); *Smith*, 229 F. Supp. 2d at 1282. Still, neither *Ingram* nor *Smith* holds that the statute of limitations issue is irrelevant; they show only that it is not dispositive. Indeed, several courts have "recognized that the expiration of the statute of limitations for a plaintiff's state court claim may constitute an injury significant to weigh the third *Hensgens* [f]actor in the plaintiff's favor." *Johnson v. Dirt Cheap, LLC*, 2015 WL 9699494, No. CA 15-00093-CG-C, *8 (S.D. Ala. 2015) (collecting cases).

Dismissing MAOTM would also prejudice Plaintiffs in their case against LG. Without MAOTM as a party, LG would be able to point to the "empty chair"—that is, LG could blame a third party (MAOTM) for Plaintiffs' injuries. And because Plaintiffs could not separately pursue their claims against MAOTM, MAOTM would lack full incentive to defend itself. So, the court concludes that this factor weighs in the Plaintiffs' favor because Plaintiffs would face significant injury if the court dismissed MAOTM.

4. *Other Factors Bearing on the Equities*

Defendants' delay of more than ten months from the filing of the amended complaint before raising their objections to Plaintiffs' failure to follow Rule 15 weighs significantly in favor of Plaintiffs. While the court recognizes that reconsideration of the joinder decision is appropriate the presence of MAOTM destroys diversity, it declines to ignore Defendants' delay in objecting to the joinder of MAOTM until after the court raised the jurisdictional issue *sua sponte*. Defendants' interest in a federal forum means that the parties "do not start on equal footing" in weighing the equities. *Watts*, 2020 WL 1310559 at *7. But the court finds that Defendants' delay here more than negates Defendants' initial advantage and swings this factor to the Plaintiffs' favor.

5. *Conclusion*

Having found that two of the *Hensgens* factors favor the Plaintiffs and that neither of the other two weighs significantly against them, the court concludes that strong equities favor granting the amendment. Accordingly, the court upon reconsideration will continue to permit Plaintiffs' amended complaint.

B. <u>Dismissal as a Dispensable Party Under Rule 21</u>

The court next considers Defendants' alternative argument that MAOTM is a non-essential party that the court should dismiss to preserve diversity. Defendants contend that Plaintiffs would suffer no prejudice from dismissal of MAOTM because their claims against LG would survive and because the allegations against MAOTM stem from repair work, whereas the claims against LG stem from design and manufacture. But Plaintiffs allege that MAOTM performed repair work prior to the washer's malfunction and damage. *See* (doc. 16 ¶¶ 11, 17) (washer allegedly discharged water in February 2020; MAOTM allegedly performed repair work in 2013, 2018, and January 2020). Plaintiffs allege that MAOTM's negligence "individually or in conjunction with the others either caused or contributed to" the damage they suffered from the washer's failure. (Doc. 16 at ¶ 39).

Defendants contend that MAOTM is dispensable because "Plaintiffs' claims against [LG] and MAOTM are predicated on separate factual allegations—

essentially, design/manufacture/sale versus repair work—and [LG] could, in theory, be found liable to Plaintiffs regardless of MAOTM's presence." (Doc. 49 at 11). But this argument ignores the corollary that evidence could show MAOTM's negligence alone caused the damage, leaving Plaintiffs without an adequate remedy if MAOTM is dismissed.

Defendants further argue that MAOTM is not central to the case because "Plaintiffs claim the overflow incident is attributable to a malfunction of the washing machine's control board, and there is no evidence that MAOTM performed repair work on the control board." (Doc. 49 at 17). At this stage of litigation, however, Plaintiffs have only been required to put forth pleadings, not evidence, as neither party has moved for summary judgment. That Plaintiffs do not specifically allege that MAOTM serviced the control board in the complaint does not mean that Plaintiffs will not introduce evidence that MAOTM did so.

The Plaintiffs have alleged that either defendant or both may be liable for the damage Plaintiffs suffered. The amended complaint alleges that "[t]he discharge of water occurred because the appliance at issue failed to conform to the physical and performance specifications of the manufacturer, distributor, and seller of the appliance, LG[,] *and/or due to negligent repair work done after installation*." (Doc. 16 at ¶ 14) (emphasis added). The amended complaint leaves open the precise contours of causation and can plausibly read as alleging that MAOTM's

13

repair work caused the control board to malfunction whether or not the control board was the direct subject of that repair work.

Regardless of Plaintiffs' precise causation theory, the degree to which LG's design and manufacture and/or MAOTM's repair work may be responsible for the washer's malfunction are closely linked. Either defendant may seek to blame the other; Plaintiffs' allegations blame both. Plaintiffs would therefore suffer significant prejudice if the court dismissed MAOTM so that it could retain jurisdiction. And as noted above, dismissing MAOTM would also harm Plaintiffs by enabling LG to pursue a defense that shifts the blame to MAOTM, a third party that would no longer face liability.

The court perceives no means by which an order dropping MAOTM could be shaped to lessen or avoid that prejudice. The court likewise cannot say whether Plaintiffs could obtain an adequate remedy if MAOTM is dismissed because one possibility is that evidence shows MAOTM, but not LG, to be at fault. In that event, which may or may not ultimately occur, Plaintiffs would have no adequate remedy if MAOTM were no longer a party. So, the court finds MAOTM to be an indispensable party.

## IV.   Conclusion

For the reasons stated above, the court will give effect to the amended complaint that added MAOTM as a defendant. Because the court also declines to

dismiss MAOTM as a dispensable party under Rule 21, the court lacks subject-matter jurisdiction because of the absence of complete diversity of citizenship among the parties and will REMAND this action to the Circuit Court of Jefferson County pursuant to 28 U.S.C. § 1447(e).

**DONE** and **ORDERED** this 3rd day of November, 2022.

_____
**KARON OWEN BOWDRE**
UNITED STATES DISTRICT JUDGE